## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KATHERINE SMITH,                         )
                                         )
    Plaintiff,                       )
                                         )     CIVIL ACTION
v.                                       )
                                         )     FILE NO. 1:17-cv-02297-MHC
MEDIEVAL TIMES GEORGIA, INC.,            )
                                         )
    Defendant.                       )
_____  )

## AMENDED ANSWER

DEFENDANT Medieval Times Georgia, Inc. ("Medieval Times Georgia"), in accordance with Federal Rules of Civil Procedure 8 and 12 and within the time permitted by law, submits this Amended Answer to the Complaint (D.E. 1) filed by Plaintiff Katherine Smith, on June 19, 2017, showing the Court the following:

### *Introduction*

The un-numbered opening paragraph of the Complaint under the heading "Introduction" purports to describe the issues in this civil action and the relief Plaintiff seeks in the various counts of the Complaint. As such, no response is required. Medieval Times Georgia denies that it maintains architectural barriers at its facility and further denies violating the Americans with Disability Act (the

"ADA") generally.  Medieval Times Georgia denies that Plaintiff is entitled to any relief sought in the Complaint or otherwise.

### First Defense

The Complaint fails to state a claim upon which relief can be granted as to some or all of the claims and causes of action purportedly stated therein.

### Second Defense

The Complaint is barred in whole or in part by Plaintiff's lack of standing.

### Third Defense

The Complaint is barred in whole or in part by the doctrine of unclean hands.

### Fourth Defense

The Complaint is barred in whole or in part by the doctrine of waiver.

### Fifth Defense

The Complaint is barred in whole or in part by the doctrine of estoppel.

### Sixth Defense

The Complaint is barred in whole or in part by the doctrine of laches.

## *Seventh Defense*

The Complaint is barred in whole or in part by Plaintiff's failure to give notice of and afford an opportunity to correct any allegedly non-compliant conditions.

## *Eighth Defense*

The Complaint is barred in whole or in part because Defendant is not responsible for the alleged violations to the extent Defendant lacks ownership, custody, or control of the facility to which Plaintiff seeks alterations or modifications.

## *Ninth Defense*

The Complaint is barred in whole or in part because Defendant is not required to make alterations or modifications to the facility to the extent such would be not readily achievable, structurally impractical, or technically infeasible.

## *Tenth Defense*

The Complaint is barred in whole or in part because Defendant is not required to take steps that would fundamentally alter the nature of the goods, services, facilities, privilege, advantage, or accommodation being offered or would result in an undue burden.

### *Eleventh Defense*

The Complaint is barred in whole or in part because Plaintiff's claims are moot to the extent Defendant has made subsequent modifications that remedied the alleged violations and, therefore, Plaintiff is not entitled to injunctive relief, costs, or attorney's fees.

### *Twelfth Defense*

As and for its twelfth defense to the allegations and purported causes of action set forth in the Complaint, Medieval Times Georgia responds to the allegations made in the separately numbered paragraphs of the Complaint as follows:

1.    Medieval Times Georgia admits Plaintiff purports to bring this action for declaratory and injunctive relief under Title III of the ADA, 42 U.S.C. § 12181 *et seq*., and so this Court has original jurisdiction over the subject matter of this civil action under 28 U.S.C. § 1331.   Except as expressly admitted, Medieval Times Georgia denies the allegations contained in paragraph 1 of the Complaint.

2.    Medieval Times Georgia admits that venue for this civil action is proper in this Court under 28 U.S.C. § 1391 and in the Atlanta Division of this Court under Local Rule 3.1.

3.     Medieval Times Georgia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, which therefore stand denied.

4.     Medieval Times Georgia admits that it conducts sufficient business within the State of Georgia related to the subject matter of this civil action to give rise to specific personal jurisdiction in this Court.  Medieval Times further admits that this Court has general personal jurisdiction over Medieval Times Georgia because Medieval Times Georgia is a corporation organized and existing under the laws of the State of Georgia.  Medieval Times Georgia admits that it operates an entertainment facility (the "Georgia Castle") located at 5900 Sugarloaf Parkway, #517, Lawrenceville, Georgia 30043.  Medieval Times Georgia admits that part of the fifth sentence of paragraph 4 of the Complaint (beginning "Moreover, the establishment. . ." and ending "spectacle to the public") generally describes the experience guests have when visiting the Georgia Castle for a Medieval Times dinner and tournament event; the remaining allegations contained in the fifth sentence of paragraph 4 of the Complaint and elsewhere in paragraph 4 of the Complaint assert legal conclusions to which no response is required.

5.     Medieval Times Georgia admits that it is a citizen of the State of Georgia for purposes of determining personal jurisdiction and notes that

citizenship is not determined by judicial district.  Medieval Times Georgia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint, which therefore stand denied.

6.      Medieval Times Georgia admits that the Georgia Castle, which is located at the Sugarloaf Mills Mall, is the subject of the claims at issue in this civil action.  Medieval Times Georgia admits that its dinner and tournament events at the Georgia Castle put on a good show and offer good food.  Medieval Times Georgia lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 6 of the Complaint, which therefore stand denied; the remaining allegations contained in paragraph 6 of the Complaint assert legal conclusions to which no response is required.

7.      Medieval Times Georgia denies the allegations contained in paragraph 7 of the Complaint.

8.      Medieval Times Georgia denies the allegations contained in paragraph 8 of the Complaint.

9.      The allegations contained in paragraph 9 of the Complaint assert legal propositions or conclusions to which no response is required.

10.     Medieval Times Georgia admits that part of paragraph 10 of the Complaint generally describes the experience guests have when visiting the Georgia Castle for a Medieval Times dinner and tournament event.  The remaining allegations contained in paragraph 10 of the Complaint assert legal conclusions to which no response is required.

11.     Medieval Times Georgia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 6 of the Complaint, which therefore stand denied.  Medieval Times Georgia admits that the Georgia Castle was constructed in 2006.  Medieval Times Georgia denies the remaining allegations contained in paragraph 11 of the Complaint.

12.     The allegations contained in paragraph 12 of the Complaint assert legal propositions or conclusions to which no response is required.

13.     The allegations contained in paragraph 13 of the Complaint assert legal propositions or conclusions to which no response is required.

14.     The allegations contained in paragraph 14 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required or permitted, Medieval Times Georgia denies the allegations contained in paragraph 14 of the Complaint.  Medieval Times Georgia contends that the 1991

ADA Standards for Accessible Design, 28 C.F.R. Part 36, apply to all of the conditions and design elements of the Georgia Castle at issue in this case.

15.   Medieval Times Georgia denies the allegations contained in paragraph 15 of the Complaint.

16.   Medieval Times Georgia denies the allegations contained in paragraph 16 of the Complaint.

17.   Medieval Times Georgia denies that unlawful architectural barriers exist at the Georgia Castle and that Plaintiff would continue to encounter such barriers in the absence of remedial action.  Medieval Times Georgia further denies having or following any discriminatory policies, practices, or procedures and denies discriminating against Plaintiff.  Medieval Times Georgia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint, which therefore stand denied.

18.   The allegations contained in paragraph 18 of the Complaint assert legal propositions or conclusions to which no response is required.

19.   Medieval Times Georgia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 19 of the Complaint, which therefore stand denied.  Medieval Times

denies that the Georgia Castle, the parking lot surrounding the Georgia Castle (which Medieval Times Georgia does not control), or the accessible route from the parking lot to, through, and inside the Georgia Castle, or the restrooms or open areas of the Georgia Castle violate, violate the ADA.

    a) Medieval Times Georgia denies the factual allegations contained in paragraph 19(A) of the Complaint, including the allegations in sub-paragraphs (ii)-(viii).   In response to sub-paragraph 19(A)(i), Medieval Times Georgia states that steps are presently being taken to increase the number of accessible seating spaces and associated companion seating spaces in the seating arena to amounts well in excess of the ADA minimum and to further distribute the spaces around the arena, which is not required under the applicable ADA guidelines but Medieval Times Georgia has decided to do voluntarily. The remaining allegations contained in paragraph 19(A) of the Complaint, including the allegations in sub-paragraphs (i)-(viii), state legal conclusions to which no response is required.  Medieval Times Georgia denies that any of the conditions in the seating arena described in sub-paragraphs (ii)-(viii) of paragraph 19(A) of the Complaint violate applicable ADA guidelines.

b) Medieval Times Georgia denies the allegations contained in paragraph 19(B) of the Complaint, including the allegations in sub-paragraph (i). Medieval Times Georgia denies that any of the conditions around the ticket counter violate applicable ADA guidelines.

c) Medieval Times Georgia admits that the signage at the entrances to the restrooms to the right of the entrance to the seating arena does not include the International Symbol of Access (ISA), but Medieval Times Georgia denies that the ADA requires such signage. Medieval Times denies the remaining allegations in paragraph 19(C) of the Complaint.

d) Medieval Times Georgia admits that the signage at the entrances to the restrooms to the right of the entrance to the seating arena does not include the ISA, but Medieval Times Georgia denies that the ADA requires such signage. Medieval Times denies the remaining allegations in paragraph 19(D) of the Complaint.

e) Medieval Times Georgia denies the allegations contained in paragraph 19(E) of the Complaint.

f) Medieval Times Georgia admits that it provides a wheelchair-accessible toilet compartment in the ladies' restroom to the right of

the entrance to the seating arena but otherwise denies the allegations contained in the introductory passage of paragraph 19(F) of the Complaint; Medieval Times Georgia further responds to the sub-paragraphs of paragraph 19(F) as follows:

   i. Medieval Times Georgia admits that the toilet compartment door for the wheelchair-accessible stall in the ladies' restroom to the right of the entrance to the seating arena was not self-closing but states that steps are presently being taken to make the door self-closing.

   ii. Medieval Times Georgia admits that the toilet compartment door for the wheelchair-accessible stall in the ladies' restroom to the right of the entrance to the seating arena did not have a door pull on the inside but states that steps are presently being taken to install a door pull on the inside.

   iii. Medieval Times Georgia admits that the centerline of the water closet in the wheelchair-accessible stall in the ladies' restroom to the right of the entrance to the seating arena was 19 inches from the side wall but states that steps are presently being taken to make the centerline distance measure 18 inches.

iv.  Medieval Times Georgia admits that the side wall grab bar in the wheelchair-accessible stall in the ladies' restroom to the right of the entrance to the seating arena was more than 12 inches from the rear wall but states that steps are presently being taken to place the grab bar no more than 12 inches from the rear wall.

v.  Medieval Times Georgia admits that the side wall grab bar in the wheelchair-accessible stall in the ladies' restroom to the right of the entrance to the seating arena was located more than 12 inches from the centerline of the water closet on the closed side and more than 24 inches from the centerline of the water closet on the transfer side but states that steps are presently being taken to place the grab bar no more than 12 inches from the centerline of the water closet on the closed side and no more than 24 inches from the centerline of the water closet on the transfer side.

vi.  Medieval Times Georgia admits that the highest operable part of the toilet seat cover dispenser in the wheelchair-accessible stall in the ladies' restroom to the right of the entrance to the

seating arena was higher than 48 inches above the finished floor but states that steps are presently being taken to make the highest operable part no higher than 48 inches.

vii. Medieval Times Georgia denies the allegations in sub-paragraph 19(F)(vii) of the Complaint.

viii. Medieval Times denies the allegations in sub-paragraph 19(F)(viii) of the Complaint.

g) Medieval Times Georgia admits that it provides an ambulatory accessible toilet compartment in the ladies' restroom to the right of the entrance to the seating arena but otherwise denies the allegations contained in the introductory passage of paragraph 19(G) of the Complaint; Medieval Times Georgia further responds to the sub-paragraphs of paragraph 19(G) as follows:

i. Medieval Times Georgia admits that the toilet compartment door for the ambulatory-accessible stall in the ladies' restroom to the right of the entrance to the seating arena was not self-closing but states that steps are presently being taken to make the door self-closing.

ii.  Medieval Times Georgia admits that the toilet compartment door for the ambulatory-accessible stall in the ladies' restroom to the right of the entrance to the seating arena did not have a door pull on the inside but states that steps are presently being taken to install a door pull on the inside.

iii.  Medieval Times Georgia admits that the highest operable part of the toilet seat cover dispenser in the ambulatory-accessible stall in the ladies' restroom to the right of the entrance to the seating arena was higher than 48 inches above the finished floor but states that steps are presently being taken to make the highest operable part no higher than 48 inches.

iv.  Medieval Times Georgia states that the toilet paper dispenser in the ambulatory-accessible stall in the ladies' restroom to the right of the entrance to the seating arena is installed in a location in full compliance with the applicable ADA guidelines and denies any non-compliance with respect to the location of such toilet paper dispenser.

v.  Medieval Times denies the allegations in sub-paragraph 19(G)(v) of the Complaint.

14

h) Medieval Times Georgia admits that it provides a ladies' restroom to the right of the entrance to the seating arena open and accessible for all guests at the Georgia Castle but otherwise denies the allegations contained in the introductory passage of paragraph 19(H) of the Complaint; Medieval Times Georgia further responds to the sub-paragraphs of paragraph 19(H) as follows:

    i. Medieval Times Georgia denies the allegations contained in the first sub-paragraph 19(H)(i) of the Complaint.

    i. In response to the second (mis-numbered) sub-paragraph 19(H)(i) of the Complaint, Medieval Times Georgia admits that the lavatory counter skirt in the ladies' restroom to the right of the entrance to the seating arena does not provide sufficient knee and toe clearance under the lavatory sink for a wheelchair user to be able to position for a forward approach but states that steps are presently being taken to provide sufficient knee and toe clearance.

    ii. Medieval Times Georgia admits that a stepstool for children and others is installed in front of one out of three sinks in the ladies' restroom to the right of the entrance to the seating arena

open but denies that the stepstool obstructs the required clear floor space at all of the lavatory sinks and otherwise denies allegations contained in sub-paragraph 19(H)(ii) of the Complaint.

iii.  Medieval Times Georgia denies the allegations contained in sub-paragraph 19(H)(iii) of the Complaint.

iv.  Medieval Times Georgia admits that the highest operable part on the women's toiletries dispenser in the ladies' restroom to the right of the entrance to the seating arena is located 53.5 inches above the finished floor but states that such height is within the parallel approach side reach limit of 54 inches; Medieval Times Georgia denies the remaining allegations contained in sub-paragraph 19(H)(iv) of the Complaint.

v.  Medieval Times Georgia admits that, from time to time, a trash can barrel was located partially within the floor space in front of the women's toiletries dispenser in the ladies' restroom to the right of the entrance to the seating arena but states that the trash can barrel has already been relocated and policy and

practice requires that the trash can barrel not be located below the women's toiletries dispenser.

    vi.   Medieval Times Georgia denies the allegations contained in sub-paragraph 19(H)(vi) of the Complaint.

   vii.   Medieval Times Georgia denies the allegations contained in sub-paragraph 19(H)(vii) of the Complaint.

(b)    Medieval Times Georgia admits that the signage at the entrances to the restrooms to the left of the entrance to the seating arena does not include the ISA, but Medieval Times Georgia denies that the ADA requires such signage. Medieval Times denies the remaining allegations in paragraph 19(b) of the Complaint.[1]

(c)    Medieval Times Georgia admits that the signage at the entrances to the restrooms to the right of the entrance to the seating arena does not include the ISA, but Medieval Times Georgia denies that

---

[1] Medieval Times Georgia notes that the numbering of sub-paragraphs within paragraph 19 of the Complaint (which spans no less than 27 pages of the pleading) changes suddenly and without explanation, making it very difficult to follow and to draft corresponding responses to the allegations. At this point in the Complaint, the sub-paragraph outline format changes from (A) through (H) to (b) through (g), and ten pages further the format changes again to (C) through (G), then reverts to (h) through (k), with varying methods of numbering sub-sub-paragraphs. This poorly structured and inconsistently followed approach to pleading the Complaint, which can only be described as prolix in the extreme, offends Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

the ADA requires such signage.  Medieval Times denies the remaining allegations in paragraph 19(c) of the Complaint.

(d)     Medieval Times Georgia admits that it provides a wheelchair-accessible toilet compartment on the left-hand side of the ladies' restroom to the left of the entrance to the seating arena but otherwise denies the allegations contained in the introductory passage of paragraph 19(d) of the Complaint; Medieval Times Georgia further responds to the sub-paragraphs of paragraph 19(d) as follows:

    i.  Medieval Times Georgia admits that the toilet compartment door for the wheelchair-accessible toilet compartment on the left-hand side of the ladies' restroom to the left of the entrance to the seating arena was not self-closing but states that steps are presently being taken to make the door self-closing.

    ii.  Medieval Times Georgia admits that the toilet compartment door for the wheelchair-accessible toilet compartment on the left-hand side of the ladies' restroom to the left of the entrance to the seating arena did not have a door pull on the inside but states that steps are presently being taken to install a door pull on the inside.

iii. Medieval Times Georgia denies the allegations contained in subparagraph 19(d)(iii) of the Complaint.

iv. Medieval Times Georgia denies that the side wall grab bar in the wheelchair-accessible toilet compartment on the left-hand side of the ladies' restroom to the left of the entrance to the seating arena was not located 33 inches above the finished floor and was not 42 inches long, though Medieval Times Georgia admits that the side wall grab bar was not located correctly relative to the rear wall and states that steps are being taken to relocate the grab bar so it will be located no more than 12 inches from the rear wall and will extend a minimum of 54 inches from the rear wall.

v. Medieval Times Georgia denies the allegations contained in subparagraph 19(d)(iii) of the Complaint.

vi. Medieval Times Georgia states that the toilet paper dispenser in the wheelchair-accessible toilet compartment on the left-hand side of the ladies' restroom to the left of the entrance to the seating arena is located within 36 inches maximum from the rear wall in full compliance with the applicable ADA guidelines

19

and denies any non-compliance with respect to the location of such toilet paper dispenser.

    vii. Medieval Times Georgia denies the allegations contained in subparagraph 19(d)(iii) of the Complaint.

   viii. Medieval Times Georgia admits that the highest operable part of the toilet seat cover dispenser in the wheelchair-accessible toilet compartment on the left-hand side of the ladies' restroom to the left of the entrance to the seating arena is located more than 48 inches above the finished floor surface but states that steps are presently being taken to locate the highest operable part of such toilet seat cover dispenser no more than 48 inches above the finished floor surface.

    ix. Medieval Times denies the allegations contained in paragraph 19(d)(ix) of the Complaint.

(e)    Medieval Times Georgia admits that it provides a wheelchair-accessible toilet compartment on the right-hand side of the ladies' restroom to the left of the entrance to the seating arena but otherwise denies the allegations contained in the introductory passage of

paragraph 19(e) of the Complaint; Medieval Times Georgia further responds to the sub-paragraphs of paragraph 19(e) as follows:

    i. Medieval Times Georgia admits that the toilet compartment door for the wheelchair-accessible toilet compartment on the right-hand side of the ladies' restroom to the left of the entrance to the seating arena was not self-closing but states that steps are presently being taken to make the door self-closing.

    ii. Medieval Times Georgia admits that the toilet compartment door for the wheelchair-accessible toilet compartment on the right-hand side of the ladies' restroom to the left of the entrance to the seating arena did not have a door pull on the inside but states that steps are presently being taken to install a door pull on the inside.

    iii. Medieval Times Georgia denies the allegations contained in subparagraph 19(e)(iii) of the Complaint.

    iv. Medieval Times Georgia denies that the side wall grab bar in the wheelchair-accessible toilet compartment on the right-hand side of the ladies' restroom to the left of the entrance to

the seating arena was not located 33 inches above the finished floor and was not 42 inches long, though Medieval Times Georgia admits that the side wall grab bar was not located correctly relative to the rear wall and states that steps are being taken to relocate the grab bar so it will be located no more than 12 inches from the rear wall and will extend a minimum of 54 inches from the rear wall.

v. Medieval Times Georgia denies the allegations contained in subparagraph 19(e)(v) of the Complaint.

vi. Medieval Times Georgia states that the toilet paper dispenser in the wheelchair-accessible toilet compartment on the right-hand side of the ladies' restroom to the left of the entrance to the seating arena is located within 36 inches maximum from the rear wall in full compliance with the applicable ADA guidelines and denies any non-compliance with respect to the location of such toilet paper dispenser.

vii. Medieval Times Georgia denies the allegations contained in subparagraph 19(e)(vii) of the Complaint.

      viii.  Medieval Times Georgia admits that the highest operable part of the toilet seat cover dispenser in the wheelchair-accessible toilet compartment on the right-hand side of the ladies' restroom to the left of the entrance to the seating arena is located more than 48 inches above the finished floor surface but states that steps are presently being taken to locate the highest operable part of such toilet seat cover dispenser no more than 48 inches above the finished floor surface.

      ix.  Medieval Times denies the allegations contained in paragraph 19(d)(ix) of the Complaint.

(f)     Medieval Times Georgia admits that it provides a ladies' restroom to the left of the entrance to the seating arena open and accessible for all guests at the Georgia Castle but otherwise denies the allegations contained in the introductory passage of paragraph 19(f) of the Complaint; Medieval Times Georgia further responds to the sub-paragraphs of paragraph 19(f) as follows:

      i.  Medieval Times Georgia denies the allegations contained in sub-paragraph 19(f)(i) of the Complaint.

    ii.  Medieval Times Georgia admits that the lavatory counter skirt in the ladies' restroom to the left of the entrance to the seating arena does not provide sufficient knee and toe clearance under the lavatory sink for a wheelchair user to be able to position for a forward approach but states that steps are presently being taken to provide sufficient knee and toe clearance.

    iii.  Medieval Times Georgia denies the allegations contained in sub-paragraph 19(f)(iii) of the Complaint.

    iv.  Medieval Times Georgia denies the allegations contained in sub-paragraph 19(f)(iv) of the Complaint.

    v.  Medieval Times Georgia admits that the highest operable part on the women's toiletries dispenser in the ladies' restroom to the left of the entrance to the seating arena is located 53.5 inches above the finished floor but states that such height is within the parallel approach side reach limit of 54 inches; Medieval Times Georgia denies the remaining allegations contained in sub-paragraph 19(f)(v) of the Complaint.

(g)    Medieval Times Georgia admits that it provides several gift sales counters for all guests at the Georgia Castle but otherwise denies

the allegations contained in the introductory passage of paragraph 19(g) of the Complaint; Medieval Times Georgia further responds to the sub-paragraphs of paragraph 19(g) as follows:

    A.    Medieval Times Georgia denies the allegations in sub-paragraph 19(g)(A) of the Complaint.

        (i)    Medieval Times Georgia denies the allegations in sub-sub-paragraph 19(g)(A)(i) of the Complaint.

        (ii)    Medieval Times Georgia denies the allegations in - sub-sub-paragraph 19(g)(A)(ii) of the Complaint.

    B.    Medieval Times Georgia denies the allegations in sub-sub-paragraph 19(g)(B) of the Complaint.

        (i)    Medieval Times Georgia denies the allegations in sub-sub-paragraph 19(g)(B)(i) of the Complaint.

        (ii)    Medieval Times Georgia denies the allegations in sub-sub-paragraph 19(g)(B)(ii) of the Complaint.

        (iii)    Medieval Times Georgia denies the allegations in sub-sub-paragraph 19(g)(B)(iii) of the Complaint.

    C.    Medieval Times Georgia denies the allegations in sub-paragraph 19(g)(C) of the Complaint.

D.     Medieval Times Georgia denies the allegations in sub-paragraph 19(g)(D) of the Complaint.

E.     Medieval Times Georgia denies the allegations in sub-paragraph 19(g)(E) of the Complaint.

F.     Medieval Times Georgia denies the allegations in sub-paragraph 19(g)(F) of the Complaint.

G.     Medieval Times Georgia denies the allegations in sub-paragraph 19(g)(G) of the Complaint.

(h)     Medieval Times Georgia denies the allegations contained in paragraph 19(h) of the Complaint.

(i)     Medieval Times Georgia denies the allegations contained in paragraph 19(i) of the Complaint.

(j)     Medieval Times Georgia admits that it provides a bar counter all guests at the Georgia Castle to order beverages and other drink items but otherwise denies the allegations contained in the introductory passage of paragraph 19(j) of the Complaint; Medieval Times Georgia further responds to the sub-paragraphs of paragraph 19(j) as follows:

A.     Medieval Times Georgia denies the allegations in sub-paragraph 19(j)(A) of the Complaint.

(i)     Medieval Times Georgia denies the allegations in sub-sub-paragraph 19(j)(A)(i) of the Complaint.

(ii)    Medieval Times Georgia denies the allegations in sub-sub-paragraph 19(j)(A)(ii) of the Complaint.

(iii)   Medieval Times Georgia denies the allegations in sub-sub-paragraph 19(j)(A)(iii) of the Complaint.

A.     Medieval Times Georgia denies the allegations in sub-paragraph 19(j)(B) of the Complaint.

(k)     Medieval Times Georgia admits that it provides a seating area in front of the fireplace for all guests at the Georgia Castle to sit and enjoy their drinks and Medieval experience but otherwise denies the allegations contained in the introductory passage of paragraph 19(k) of the Complaint, including the allegations in sub-paragraphs (i)-(vii). Medieval Times Georgia denies that any of the conditions in the seating area in front of the fireplace violate applicable ADA guidelines.

20.    Medieval Times Georgia denies the allegations contained in paragraph 20 of the Complaint.

21.    Medieval Times Georgia denies the allegations contained in paragraph 21 of the Complaint.

27

22.    The allegations contained in paragraph 22 of the Complaint assert legal propositions or conclusions to which no response is required.

23.    Medieval Times Georgia incorporates by reference and restates the foregoing responses to paragraphs 1 through 22 of the Complaint.

24.    The allegations contained in paragraph 24 of the Complaint assert legal propositions or conclusions to which no response is required.

25.    The allegations contained in paragraph 25 of the Complaint assert legal propositions or conclusions to which no response is required.

26.    Medieval Times Georgia admits that paragraph 26 of the Complaint quotes a finding made by Congress in connection with the enactment of the ADA. Except as expressly admitted, Medieval Times Georgia denies the allegations contained in paragraph 26 of the Complaint.

27.    Medieval Times Georgia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint regarding why Congress enacted the ADA, which therefore stand denied.  Medieval Times Georgia admits that paragraph 27 of the Complaint contains a quotation of part of the ADA.

28.    Medieval Times Georgia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the

Complaint regarding what Congress "recognized," which therefore stand denied. The remaining allegations contained in paragraph 28 of the Complaint assert legal propositions or conclusions to which no response is required.

29.    The allegations contained in paragraph 29 of the Complaint assert legal propositions or conclusions to which no response is required.

30.    The remaining allegations contained in paragraph 30 of the Complaint assert legal propositions or conclusions to which no response is required.

31.    The remaining allegations contained in paragraph 31 of the Complaint assert legal propositions or conclusions to which no response is required.

32.    Medieval Times Georgia denies the allegations contained in paragraph 32 of the Complaint.

33.    Medieval Times Georgia denies the allegations contained in paragraph 33 of the Complaint.

34.    Medieval Times Georgia denies the allegations contained in the introductory passage of paragraph 34 of the Complaint; Medieval Times Georgia further responds to the sub-paragraphs of paragraph 34 as follows:

      a)    Medieval Times Georgia denies the allegations contained in paragraph 34(a) of the Complaint.

b)      Medieval Times Georgia denies the allegations contained in paragraph 34(b) of the Complaint.

c)      Medieval Times Georgia denies the allegations contained in paragraph 34(c) of the Complaint.

d)      Medieval Times Georgia denies the allegations contained in paragraph 34(d) of the Complaint.

e)      Medieval Times Georgia denies the allegations contained in paragraph 34(e) of the Complaint.

f)      Medieval Times Georgia denies the allegations contained in paragraph 34(f) of the Complaint.

g)      Medieval Times Georgia denies the allegations contained in paragraph 34(g) of the Complaint.

h)      Medieval Times Georgia denies the allegations contained in paragraph 34(h) of the Complaint.

i)      Medieval Times Georgia denies the allegations contained in paragraph 34(i) of the Complaint.

j)      Medieval Times Georgia denies the allegations contained in paragraph 34(j) of the Complaint.

k)      Medieval Times Georgia denies the allegations contained in paragraph 34(k) of the Complaint.

35.     Medieval Times Georgia denies the allegations contained in paragraph 35 of the Complaint.

36.     Medieval Times Georgia denies the allegations contained in paragraph 36 of the Complaint.

37.     Medieval Times Georgia denies the allegations contained in paragraph 37 of the Complaint.

38.     Medieval Times Georgia denies the allegations contained in paragraph 38 of the Complaint.

39.     Medieval Times Georgia denies the allegations contained in paragraph 39 of the Complaint.

40.     Medieval Times Georgia denies the allegations contained in paragraph 40 of the Complaint.   Medieval Times Georgia takes exception to Plaintiff's "demands" set forth in the Complaint, as such content is improper.

41.     Medieval Times Georgia admits that it operates the Georgia Castle. The remaining allegations contained in paragraph 41 of the Complaint assert legal propositions or conclusions to which no response is required.

42.    Medieval Times Georgia admits that the ADA was enacted in 1991 and that Medieval Times Georgia must—as it does—comply with applicable laws. Medieval Times Georgia denies the remaining allegations contained in paragraph 42 of the Complaint.

43.    Medieval Times Georgia admits that, before filing the Complaint, Plaintiff made no requests or "demands" for alterations of Medieval Times Georgia's policies, practices, or procedures, or any of the architectural features of the Georgia Castle, nor did Plaintiff ever seek any reasonable accommodations from Medieval Times Georgia.  Medieval Times Georgia denies the remaining allegations contained in paragraph 43 of the Complaint.

44.    Medieval Times Georgia denies the allegations contained in paragraph 44 of the Complaint.

45.    Medieval Times Georgia denies the allegations contained in paragraph 45 of the Complaint.

46.    Medieval Times Georgia incorporates by reference and restates the foregoing responses to paragraphs 1 through 45 of the Complaint.

47.    Paragraph 47 of the Complaint purports to merely quote a statute, a legal proposition to which no response is required.

48.     Medieval Times lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint regarding findings upon which Congress enacted the ADA, which therefore stand denied.

49.     Medieval Times Georgia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint regarding what Congress found, which therefore stand denied.

50.     Medieval Times Georgia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint regarding what Congress stated in "response" to certain alleged findings, which therefore stand denied.

51.     The allegations contained in paragraph 51 of the Complaint assert legal propositions or conclusions to which no response is required.

52.     The allegations contained in paragraph 52 of the Complaint assert legal propositions or conclusions to which no response is required.

53.     Medieval Times Georgia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint regarding whether Congress enacted the ADA "in light of" certain

findings, which therefore stand denied.   Medieval Times Georgia denies the remaining allegations contained within paragraph 53 of the Complaint.

54.   The allegations contained in paragraph 54 of the Complaint assert legal propositions or conclusions to which no response is required.

55.   The allegations contained in paragraph 55 of the Complaint assert legal propositions or conclusions to which no response is required.

56.   The allegations contained in paragraph 56 of the Complaint assert legal propositions or conclusions to which no response is required.

57.   Medieval Times Georgia denies the allegations contained in the first sentence of paragraph 57 of the Complaint.   Medieval Times Georgia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 57 of the Complaint, which therefore stand denied.   Medieval Times Georgia denies the allegations contained in the third sentence of paragraph 57 of the Complaint (beginning "More specifically" and spanning pages 61 to 64 of the Complaint).

58.   The allegations contained in paragraph 58 of the Complaint assert legal propositions or conclusions to which no response is required.

59.   The allegations contained in paragraph 59 of the Complaint assert legal propositions or conclusions to which no response is required.

60.     Medieval   Times   Georgia   denies   the   allegations   contained
paragraph 60 of the Complaint.

61.     Medieval Times Georgia denies the allegations contained in the first
sentence of paragraph 61 of the Complaint.  The remaining allegations contained in
paragraph 61 of the Complaint assert legal propositions or conclusions to which no
response is required.

62.     Medieval   Times   Georgia   denies   the   allegations   contained
paragraph 62 of the Complaint.

63.     Medieval   Times   Georgia   denies   the   allegations   contained
paragraph 63 of the Complaint.

64.     Medieval   Times   Georgia   denies   the   allegations   contained
paragraph 64 of the Complaint.

65.     Medieval   Times   Georgia   denies   the   allegations   contained
paragraph 65 of the Complaint.

66.     Medieval Times Georgia incorporates by reference and restates the
foregoing responses to paragraphs 1 through 65 of the Complaint.

67.     Paragraph 67 of the Complaint purports to merely quote a statute, a
legal proposition to which no response is required.

68.     Medieval Times lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint regarding why Congress enacted the ADA, what Congress found, and what the Department of Justice recognized, which therefore stand denied.

69.     Medieval Times lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint regarding why Congress enacted a particular provision of the ADA, what the provision is "intended" to accomplish, or what the purpose of a law was, which therefore stand denied.  The remaining allegations contained in paragraph 69 of the Complaint assert legal propositions or conclusions to which no response is required.

70.     Medieval Times lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint regarding what the ADA is "geared to," which therefore stand denied.  The remaining allegations contained in paragraph 70 of the Complaint assert legal propositions or conclusions to which no response is required.

71.     The allegations contained in paragraph 71 of the Complaint assert legal propositions or conclusions to which no response is required.

72.     Medieval Times Georgia admits that it operates the Georgia Castle and is directly involved in maintaining the Georgia Castle, which first opened for occupancy after January 1993.  Except as expressly admitted, Medieval Times Georgia denies the allegations contained in paragraph 72 of the Complaint.

73.     Medieval Times Georgia denies the allegations contained in paragraph 73 of the Complaint.

74.     Medieval Times Georgia denies the allegations contained in paragraph 74 of the Complaint.

75.     Medieval Times Georgia denies the allegations contained in paragraph 75 of the Complaint.

76.     Medieval Times Georgia denies the allegations contained in paragraph 76 of the Complaint.

77.     Medieval Times Georgia denies the allegations contained in paragraph 77 of the Complaint.

78.     In response to the "demand" for judgment following paragraph 77 of the Complaint seeking various forms of supposed relief, Medieval Times Georgia denies the allegations contained therein and further denies that Plaintiff is entitled to any relief whatsoever as against Medieval Times Georgia.

79.     Medieval Times Georgia denies each and every allegation contained in the Complaint not expressly admitted as set forth above.  Medieval Times Georgia further denies that Plaintiff is entitled to any of the relief prayed for in the Complaint or any other relief whatsoever as against Medieval Times Georgia.

WHEREFORE, for its Answer, Defendant Medieval Times Georgia, Inc., prays that the Complaint filed by Plaintiff Katherine Smith, and each of its claims, counts, purported causes of action, demands, and prayers be dismissed with prejudice, that the Court enter judgment in favor of Medieval Times Georgia and against Plaintiff, and that the Court award Medieval Times Georgia its costs and attorney's fees and such other relief as the Court may deem just and proper.

## CERTIFICATE OF COMPLIANCE

In accordance with Local Rule 7.1(D), the undersigned counsel certify that the font and point size, Times New Roman 14 point, used in this pleading comply with Local Rule 5.1(B).

This 25th day of August, 2017.

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

/s/ *Colin Đặng Delaney*
Colin Đặng Delaney
Georgia Bar No. 216858
Sasha Greenberg
Georgia Bar No. 497615

Promenade, Suite 3100
1230 Peachtree Street, NE
Atlanta, Georgia 30309-3592
Telephone: 404-815-3500
Facsimile: 404-815-3509
Email: cdelaney@sgrlaw.com
Email: sgreenberg@sgrlaw.com

*Attorneys for Defendant*
*Medieval Times Georgia, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KATHERINE SMITH, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. 1:17-cv-02297-MHC |
| MEDIEVAL TIMES GEORGIA, INC., | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE**

THE UNDERSIGNED counsel for Defendant Medieval Times Georgia, Inc., hereby certifies that he caused the foregoing **AMENDED ANSWER** to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing sufficient to constitute service to:

H. Alison Burns, Esq.  
ADA Group LLC  
4001 Carmichael Road, Suite 570  
Montgomery, Alabama 36106  
HAB@ADA-Firm.com

Alex O. Mitchell, Esq.  
ADA Group LLC  
400 Galleria Parkway, Suite 1500  
Atlanta, Georgia 30339  
AOM@ADA-Firm.com

Counsel of record for Plaintiff Katherine Smith at their last known office addresses.

This 25th day of August, 2017.

/ s/ *Colin Đăng Delaney*
Colin Đăng Delaney
Georgia Bar No. 216858

Smith, Gambrell & Russell, LLP
Promenade, Suite 3100
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309-3592
Telephone:  404-815-3500
Facsimile:  404-815-3509
Email: cdelaney@sgrlaw.com